UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIBOR KELEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 23-2794 (RC) |
| ) | |
| GOVERNMENT OF HUNGARY, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION

This matter is before the Court on initial consideration of plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and his *pro se* complaint (ECF No. 1). The Court grants the application and, for the reasons discussed below, dismisses the complaint.

Plaintiff Tibor Kelemen brings this action against the Government of Hungary and Hungary's Ministers of Justice, Interior and Foreign Affairs. *See* Compl. at 2. He alleges that defendants have "abused their power on [him] mentaly [sic] and physically threatened and humiliated [him]" since his arrival in the United States from Hungary in 2014. *Id*. at 4. Plaintiff demands ownership of two real properties located in the District of Columbia currently "owned by the Hungarian Government." *Id*.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). Because federal courts are "forbidden . . . from acting beyond [their] authority," *NetworkIP, LLC v. FCC*, 548 F.3d 116, 120 (D.C. Cir. 2008), judges have "an affirmative obligation 'to consider whether the constitutional and statutory authority exist for [the Court] to hear each dispute,'" *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1092 (D.C. Cir. 1996) (quoting *Herbert v. Nat'l Acad. of*

1

*Sciences*, 974 F.2d 192, 196 (D.C. Cir. 1992)).  Absent subject matter jurisdiction over a case, the Court must dismiss it.  *See* FED. R. CIV. P. 12(h)(3).

The Foreign Sovereign Immunities Act ("FSIA") is the "sole basis for obtaining jurisdiction over a foreign state in our courts."  *Simon v. Republic of Hungary*, 812 F.3d 127, 135 (D.C. Cir. 2016).  It "creates a baseline presumption of immunity from suit," *Fed. Republic of Germany v. Philipp*, 592 U.S. 169, 176 (2021) (citing 28 U.S.C. § 1604), and "unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state," *id*. (quoting *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993)).  The Court therefore "must make critical preliminary determinations of its own jurisdiction as early in litigation against a foreign sovereign as possible."  *Kilburn v. Socialist People's Libyan Arab Jamahiriya*, 376 F.3d 1123, 1127 (D.C. Cir. 2004) (citing *Phoenix Consulting Inc. v. Republic of Angola*, 216 F.3d 36, 39 (D.C. Cir. 2000)).  Here, plaintiff fails to identify the exception under which he proceeds, and given the dearth of factual allegations in the complaint, the Court cannot discern which exception might apply in this case.

Absent a clear basis for this Court's jurisdiction, the complaint must be dismissed.  An Order is issued separately.

DATE: January 29, 2024                    CHRISTOPHER R. COOPER
                                          United States District Judge